Law Office of
# Justin A. Zeller, p.c.

Justin A. Zeller
jazeller@zellerlegal.com

Brandon D. Sherr
bsherr@zellerlegal.com

Telephone: 212.229.2249
Facsimile: 212.229.2246

August 14, 2018

**VIA ECF**

Hon. Roanne L. Mann, Chief United States Magistrate Judge
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse

Re: *Sampedro v. 500 Forest Avenue Corp. et al*, 17 CV 3423 (FB) (RLM)

Dear Magistrate Judge Mann:

This firm represents the plaintiffs in the above-referenced action. The plaintiff moves to dismiss this action with prejudice pursuant to Rule 4l(a)(2) of the Federal Rules of Civil Procedure because the parties have settled this action including claims under the Fair Labor Standards Act.

The plaintiffs claim that the defendants violated the Fair Labor Standards Act, Minimum Wage Act, and Wage Theft Prevention Act. The defendants deny these claims.

The parties propose to settle this action and a related action pending in the Supreme Court of the State of New York for Richmond County, and have executed a settlement agreement, enclosed. The settlement agreement resolves all claims in the litigation and resolves costs including attorney's fees. The settlement agreement provides for the defendants to pay $142,500.00.

Employees cannot waive or settle claims under the Fair Labor Standards Act for unpaid minimum wages or overtime, except by settlements supervised by the Department of Labor or judicially-approved settlements of a civil action. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015).

The parties represent to the Court that the proposed settlement is fair to the plaintiffs, reasonably resolves bona fide disagreements between the plaintiff and defendants about the merits of the plaintiffs' claims, and demonstrates a good faith intention by the parties that the plaintiffs' claims for liability and damages be fully and finally resolved and not relitigated in the future.

In *Cheeks*, the Second Circuit did not reach the issue of whether the settlement in that case was worthy of approval. *Id.* at 203 n.3. Here, the parties believe the proposed settlement is fair and reasonable because the proposed settlement was reached after the plaintiffs obtained fact discovery from the defendants and satisfies all the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2015).

The first *Wolinsky* factor examines "the plaintiff's range of possible recovery." *Id.* The plaintiffs allege that the defendants violated the Fair Labor Standards Act by failing to pay them minimum wages and specifically that the defendants failed to meet the statutory and regulatory

prerequisites to take the tip credit and failed to pay the plaintiffs overtime for their hours worked in excess of forty per workweek. These actual damages in both actions total $160,093.50.

Upon these actual damages, the plaintiffs also claim that they are entitled to liquidated damages, under both the Fair Labor Standards Act and the New York Minimum Wage Act. The plaintiffs also claim that the defendants failed to furnish them with a notice and acknowledgment upon hiring or thereafter, and failed to furnish them with a statement with each payment of wages, for which they are entitled to statutory damages. The plaintiffs allege all damages would total $437,870.68, before interest, and without costs including attorney's fees. The defendants dispute this calculation of damages and deny the allegations. The plaintiffs' detailed calculations for this action are attached.

The second *Wolinsky* factor examines "the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses.'" *Id.* Settling the parties' claims at this point will avoid continuing litigation costs for all parties. Had this action not settled, the parties would complete fact discovery, litigate motions for partial summary judgment, and try the cases in both courts.

The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by the parties." *Id.* All parties face the inherent risks and expenses imposed by proceeding to a potential trial and post-judgment collection proceedings.

One risk for the plaintiffs is that a summary order by the United States Court of Appeals for the Second Circuit upheld a district court decision that the statutes do not provide for stacked liquidated damages, although this decision is not precedential. Under that interpretation, the liquidated damages to which the plaintiffs would be entitled would be substantially lessened.

The facts of this case are largely in dispute, including whether the defendants are entitled to take the tip credit, the hours worked by the plaintiffs, and the wages or compensation paid the plaintiffs. Proof of these facts will depend on the credibility of the plaintiffs and the defendants, and their witnesses, to the trier of fact, a substantial litigation risk for each side.

The fourth *Wolinsky* factor examines "whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel.'" *Id.* The settlement is the result of negotiation between the plaintiff and defendants via their counsel, who have substantial experience in wage and hour actions, over the course of the litigation, and was arrived at during court-annexed mediation before a panel mediator with the participation of the parties and their counsel, taking place over two days.

The plaintiffs are represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm specializing in representing employees in wage and hour litigation, and which has represented plaintiffs in hundreds of such cases in this district, the Southern District of New York, and the District of New Jersey, and in the courts of the State of New York. The defendants' counsel in this case is similarly experienced in representing alleged and admitted employers in wage and hour matters.

The fifth *Wolinsky* factor examines "possibility of fraud or collusion." *Id.* There is no evidence of any fraud or collusion in this case between the parties to circumvent the wage and hour laws.

Lastly, there is no evidence of any factors weighing against approval of this proposed settlement. Although there is a history of litigation for violations of the Fair Labor Standards Act by the defendants, the plaintiffs have no information concerning any ongoing violations. Although this action was pled as a collective action, the plaintiffs did not move for conditional certification and no other person has consented to become a party plaintiff.

The proposed settlement also covers the plaintiffs' costs including attorney's fees.

This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, Section 191 of the New York Labor Law, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. These laws, in combination, provide to a prevailing party in a civil action an award of attorney's fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1)–(2), 663(1); *see also Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012). This award is mandatory. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors). But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

The plaintiffs are represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm specializing in wage and hour litigation and incorporated in 2005. The sole shareholder of the law firm is Justin A. Zeller, an attorney who graduated law school in 2002 and has specialized in wage and hour law since 2005. Associated with the law firm is Brandon D. Sherr, who graduated law school in 2010 and has since been associated with this law firm, and, until June 2017, John M. Gurrieri, who graduated law school in 2013 and then associated with this law firm, and who, while at this law firm, have specialized in wage and hour law. These three lawyers appeared in this action for the plaintiff.

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23–24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28–30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Mr. Zeller's reasonable hourly rate has been considered and he was found to be entitled to a rate of $350 per hour in 2017 and 2015, $250 per hour in 2013 and $300 per hour in 2011. *See Rodriguez-Hernandez v. K. Bread & Co., Inc.*, No. 15 CV 6848, slip op. at 13–14 (S.D.N.Y. May 23, 2017); *Galicia v. 63-68 Diner Corp.*, No. 13 CV 3689, 2015 U.S. Dist. LEXIS 191532, at *6 (E.D.N.Y. Aug. 13, 2015); *Maldonado v. Bistro 1285 Inc.*, No. 11 CV 4294, 2013 U.S. Dist. LEXIS 70815, at *12 (S.D.N.Y. May 13, 2013); *Rodriguez v. Queens Convenience Deli Corp.*, No. 09 CV 1089, 2011 U.S. Dist. LEXIS 120478, at *16 (E.D.N.Y. Oct. 18, 2011).

Mr. Sherr's reasonable hourly rate has been considered and he was found to be entitled to rates of $275 per hour in 2017, $300 per hour in 2007 and 2016, $225 and $300 per hour in 2015, and $200 and $250 per hour in 2013. *See Gonzalez-Diaz v. Daddyo's Mgmt. Grp. Inc.*, No. 16 CV 1907, 2017 U.S. Dist. LEXIS 185397, at *14 (E.D.N.Y. Nov. 7, 2017), *adopted by* 2017 U.S. Dist. LEXIS 205344 (E.D.N.Y. Dec. 12, 2017); *Douglas v. Innovative Elec. Servs., LLC*, No. 16 CV 6096, slip op. at 3 (S.D.N.Y. May 30, 2017); *Rodriguez-Hernandez*, slip op. at 13–14; *Duran v. Superior Cooling LLC*, No. 15 CV 7243, 2017 U.S. Dist. LEXIS 82249, at *20 (E.D.N.Y. May 10, 2017); *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, No. 12 CV 5359, slip op. at 6 (S.D.N.Y. May 10, 2016); *Patterson v. Copia NYC LLC*, No. 15 CV 2327, 2015 U.S. Dist. LEXIS 189029, at *18 (S.D.N.Y. Dec. 29, 2015); *Galicia*, 2015 U.S. Dist. LEXIS 191532, at *6; *Maldonado*, 2013 U.S. Dist. LEXIS 70815, at *12; *Palacios v. Z & G Distribs., Inc.*, No. 11 CV 2538, 2013 U.S. Dist. LEXIS 112676, at *18 (S.D.N.Y. Aug. 6, 2013).

Mr. Gurrieri's reasonable hourly rate has been considered and he was found to be entitled to a rate of $250 and $225 per hour in 2017 and $250 and $175 per hour in 2015. *See Gonzalez-Diaz*, 2017 U.S. Dist. LEXIS 185397, at *14; *Douglas*, slip op. at 3; *Rodriguez-Hernandez*, slip op. at 13–14; *Duran*, 2017 U.S. Dist. LEXIS 82249, at *20; *Patterson*, 2015 U.S. Dist. LEXIS 189029, at *18; *Galicia*, 2015 U.S. Dist. LEXIS 191532, at *5.

Certain of the *Johnson* factors are applicable in consideration of the reasonable hourly rate, specifically the customary fee, whether the fee is fixed or contingent, and the undesirability of the

Hon. Mann, August 14, 2018, page 5

case. The plaintiffs have entered a contingent fee agreement with this firm, providing for 40% plus reimbursement of costs and expenses, and the plaintiffs are ready to provide the agreement to the Court for evidentiary purposes if needed. Violations of the wage and hour laws also frequently indicate financial distress or insolvency. Law firms that represent employees in such cases on a contingent fee basis may never recover their attorney's fees or costs. The market rate for legal services for such clients is therefore higher because of these risks. Accordingly, the reasonable hourly rate should be adjusted to reflect the contingent fee, the customary rate, and to compensate for the risk inherent in taking this case.

The plaintiffs would have requested that the Court find reasonable hourly rates of $375 for Mr. Zeller, $325 for Mr. Sherr, and $275 for Mr. Gurrieri. These rates are within the range previously found reasonable for this nature of action in this forum and reflect adjustments for the above-discussed factors.

To determine the reasonableness of the hours, a party seeking an award of attorney's fees must submit contemporaneous time records indicating the hours and the nature of the work done. *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F. Supp. 811, 817 (S.D.N.Y. 1997).

Enclosed is the contemporaneous time records of the plaintiffs' counsel. The included description with each entry corresponds to the descriptions in the American Bar Association's Uniform Task-Based Management System, a broadly recognized system of documenting hours. Courts even recommend its use for motions for attorney's fees. *See Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1174 (N.D. Cal. 2004); *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1189 (N.D. Cal. 2004) ("Although the court considers plaintiff's data in the manner presented, the American Bar Association's "Litigation Code Set" provides a more uniform methodology for categorizing requested hours. *See* American Bar Association ("ABA"), Uniform Task-Based Management System Information, *available at* [http://www.americanbar.org/groups/litigation/resources/uniform_task_based_management_system.html]. The ABA template commends itself to parties applying for fee awards."). Similar productions by the plaintiffs' counsel of such contemporaneous time records have been found by the Court to be "complete." *Palacios*, 2013 U.S. Dist. LEXIS 112676, at *18–19. Mr. Zeller's hours in this action are 5.7, Mr. Sherr's, 70.1, and Mr. Gurrieri's, 4.2. These hours do not include the time expended by legal support staff in this case, which is incorporated as overhead into the proposed reasonable hourly rates that would have been sought.

The 80.0 total hours sought are reasonable, appropriately delegated among the attorneys involved requisite to their experience, and necessary to the litigation of this action. If these hours were all the hours necessitated to litigate this case to judgment, the plaintiffs would have sought an attorney's fees award, based on the presumptively reasonable rate, of $26,075.00.

Additionally, the plaintiffs' other costs total $2,013.94, and include $700.00 for filing fees, $0.70 for case record fees, $2.34 for postage for the service of papers, $11.00 for transportation, and $1,300.00 for mediation. These expenses were prepaid by the plaintiffs' counsel. The plaintiffs include herewith an enumeration of these costs.

Hon. Mann, August 14, 2018, page 6

      The total of attorney's fees based on the presumptively reasonable rate and costs is $28,008.94, much greater than the amount to be paid to the plaintiffs' counsel under the settlement agreement. The plaintiffs and the plaintiffs' counsel have agreed to reduce the contingent fee rate to 33% plus prepaid costs and expenses, for a total of $49,508.44. One-third is an amount frequently considered by courts to be reasonable, as this Court has observed. *See Hdir v. Salon De Quartier*, No. 16 CV 6605, 2017 U.S. Dist. LEXIS 96758, at *4 (E.D.N.Y. June 20, 2017). Before prepaid costs and expenses, the multiplier is 1.82, a multiplier typically found reasonable in Fair Labor Standards Act settlements. *See, e.g., Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding fee that represented 2.28 multiplier of modified lodestar calculation and noting that "multiplier near 2 compensates [plaintiffs' counsel] appropriately"). Nothing additional is to be paid by the plaintiffs to the plaintiffs' counsel.

      For the foregoing reasons, the plaintiffs request the Court find the proposed settlement to fairly compromise the plaintiffs' claims under the Fair Labor Standards Act, approve the proposed settlement as fair and reasonable, and dismiss this action with prejudice.

                                        Respectfully submitted,

                                        Brandon D. Sherr

Enclosures (4)